IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEAN GEORGE,
        Plaintiff,

vs.                                                              5:05cv79/SPM/MD

WASHINGTON CORRECTIONAL
INSTITUTION, et al.,
        Defendants.

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a pleading entitled "pre-42 U.S.C. § 198 (sic) in alternative complaint to invoke for legal redress and prosecution."  He filed his complaint in the United States District Court for the Middle District of Florida, Tampa Division.  The case was transferred to this court because the court stated that the alleged events giving rise to the cause of action occurred in Washington County, Florida.  Plaintiff is currently incarcerated in the South Florida Reception Center in Miami, Florida.

      Plaintiff has neither paid the $250.00 filing fee, nor filed a motion for leave to proceed *in forma pauperis*.  Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim.  This court has previously denied plaintiff's motion for leave to so proceed on this basis.[1]  Plaintiff is therefore no longer entitled to proceed *in forma pauperis*, and he must pay the $250.00 filing fee in full before

---

[1] See 5:99cv321/MMP/MD.

proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915. *See Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). Plaintiff's allegations, while difficult to decipher, are written in the present tense, but refer to conditions of confinement at either Washington or Charlotte Correctional Institutions, or complaints about the alleged illegality of his arrest and conditions of confinement at the jail where he was initially housed. Because he is no longer incarcerated at the facilities where the alleged constitutional violations occurred, his allegations do not entitle him to proceed *in forma pauperis* in this case because he is not "under imminent danger of serious physical injury." The Eleventh Circuit has held that a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and that failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson,*, 259 F.3d 1321, 1324 (11th Cir. 2001). Because plaintiff has failed to pay the filing fee in this action, his case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $250.00 filing fee.

At Pensacola, Florida, this 19th day of April, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:05cv79/SPM/MD*